PAUL J. FISHMAN
United States Attorney
By: J. ANDREW RUYMANN
Assistant U.S. Attorney
402 East State Street, Room 430
Trenton, New Jersey 08608

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASHLEY GREMMINGER and JULIO CEZAR RIVAS, | : <br> : <br> : |
| Plaintiff, | : Hon. <br> : |
| v. | : Civ. Action No. <br> : |
| MONMOUTH FAMILY HEALTH CARE CENTER, INC., MONMOUTH MEDICAL CENTER, NATALYA P. KUGAY, M.D., MARANATHA LOUGHEED, M.D., AND JOHN DOE #1-20 (FICTITIOUS NAMES BEING UNKNOWN), | : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : **NOTICE OF REMOVAL AND** <br> : **SUBSTITUTION OF UNITED STATES** <br> : **OF AMERICA FOR DEFENDANT** <br> : **MONMOUTH FAMILY HEALTH CARE** <br> : **CENTER, INC.** <br> : <br> : Document Electronically Filed |

TO:   Clerk, Civil Part
      Superior Court of New Jersey
      Law Division: Monmouth County
      71 Monmouth Park
      P.O. Box 1266
      Freehold, New Jersey 07728-1266

      David H. Sternlieb, Esq.
      Shapiro & Sternlieb, L.L.C.
      Northpoint Professional Building
      176 Route 9 North, Suite 303
      Englishtown, New Jersey 07726

Paul Schaaff, Esq.
Orlovsky, Moody, Schaaff, Conlon & Gabrysiak
187 Highway 36
West Long Branch, New Jersey 07764

Thomas F. Rinaldi, Esq.
Ronan, Tuzzion & Giannone
One Hovchild Plaza
4000 Route 66, Suite 231
Tinton Falls, New Jersey 07753-7308

PLEASE TAKE NOTICE that the case previously pending in the Superior Court of New Jersey, Monmouth County, Law Division, Civil Part, at Docket No. MON-L-973-12, is hereby removed by defendant Monmouth Family Health Care Center, Inc., and substituted defendant United States of America, by the undersigned attorney, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 2679(d)(2) and 42 U.S.C. §233( c). The grounds for this removal are:

1. Plaintiffs, Ashley Gremminger and Julio Cezar Rivas, filed a complaint in the Superior Court of New Jersey, Law Division, Monmouth County on March 2, 2012, docketed at MON-L-973-12. Plaintiffs allege that defendants Monmouth Family Health Care Center, Inc., Monmouth Medical Center, Natalya P. Kugay, M.D., Maranatha Lougheed, M.D. and John Does, provided inappropriate prenatal care and treatment, which resulted in Ms. Gremminger's delivery of a stillborn female fetus on March 5, 2010. Plaintiffs seek monetary damages.

2. A true and correct copy of the Complaint and Summons

provided to my office by the United States Department of Health and Human Services is attached hereto at Exhibit 1.

3. A true and correct copy of the Answer filed in Superior Court by defendants Monmouth Medical Center, Natalya P. Kugay, M.D., and Maranatha Lougheed, M.D., which was provided to my office by the attorneys for those defendants, is attached at Exhibit 2.

4. Attorneys representing defendant Monmouth Family Health Care Center, Inc., answered the Complaint in Superior Court. My office does not possess a copy of the Answer filed on behalf defendant Monmouth Family Health Care Center.

5. The attorneys representing defendants Monmouth Medical Center, Natalya P. Kugay, M.D., and Maranatha Lougheed, M.D., and the attorneys who filed the Answer on behalf of Monmouth Family Health Care Center, Inc., in Superior Court consent to the removal of this matter to District Court.

6. Pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233, the Secretary of Health and Human Services deemed Monmouth Family Health Care Center, Inc., eligible for coverage under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2401(b), 2671-80.

7. The FTCA provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of

federal employees taken within the scope of their office or employment.  28 U.S.C. § 2679(b)(1). Federal District Courts have exclusive jurisdiction over claims brought pursuant to the FTCA. 28 U.S.C. § 1346(b)(1).

8.   The FTCA provides that, upon certification by the Attorney General that a federal employee was acting within the scope of his office or employment at the time of the incident out of which a state law claim arises, any civil action arising out of the incident commenced in State court shall be shall be deemed an action against the United States, and the United States shall be substituted as the sole defendant with respect to those claims.  28 U.S.C. § 2679(d)(2).  The Federally Supported Health Centers Assistance Act includes a similar provision.  See 42 U.S.C. § 233( c).  The Attorney General has delegated certification authority to the United States Attorneys.  28 C.F.R. § 15.4.

9.  In a Certification of Scope of Employment, James B. Clark III, Assistant U.S. Attorney and Chief of the Civil Division of the U.S. Attorney's Office for the District of New Jersey, certified that at the time of the conduct alleged in the Complaint, the Monmouth Family Health Care Center, Inc., was covered under the FTCA, the Monmouth Family Health Care Center, Inc., was deemed to be an employee of the United States and the Monmouth Family Health Care Center, Inc., and its employees were

acting within the scope of their employment as deemed employees of the United States.  Mr. Clark's Certification is attached hereto at Exhibit 3.

    10.   Accordingly, the Complaint may be removed to this Court pursuant to 28 U.S.C. § 2679)d)(2), which provides the following:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such a claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.

28 U.S.C. § 2679(d)(2).

    11.   Additionally, the Complaint may be removed to this Court pursuant to 42 U.S.C. § 233( c), which provides the following:

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto.

42 U.S.C. § 233( c).

    12.   Trial in the action at action at MON-L-973-12 brought in the Superior Court of New Jersey, Law Division, Monmouth

County, has not yet occurred.

THEREFORE, in accordance with 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233( c) the action at MON-L-973-12 brought in the Superior Court of New Jersey, Law Division, Monmouth County is now removed to this Court and the United States of America has been substituted for defendant Monmouth Family Health Care Center, Inc.

                                      Respectfully submitted,

                                      PAUL J. FISHMAN
                                      United States Attorney

                                      <u>s/ J. Andrew Ruymann</u>

                                      By: J. ANDREW RUYMANN
Dated: December 7, 2012      Assistant U.S. Attorney