# EXHIBIT 1

SHAPIRO & STERNLIEB, LLC
NORTHPOINT PROFESSIONAL BUILDING
176 ROUTE 9 NORTH, SUITE 303
ENGLISHTOWN, NEW JERSEY 07726
(732) 617-8050
Attorneys for Plaintiffs, Ashley Gremminger and Julio Rivas



| | |
|---|---|
| ASHLEY GREMMINGER AND JULIO CEZAR RIVAS, <br><br> **PLAINTIFFS,** <br><br> --VS.-- <br><br> MONMOUTH FAMILY HEALTH CARE CENTER, INC., MONMOUTH MEDICAL CENTER, NATALYA P. KUGAY, M.D., MARANATHA LOUGHEED, M.D., AND, JOHN DOE #1-20 (FICTITIOUS NAMES BEING UNKNOWN), <br><br> **DEFENDANTS.** | SUPERIOR COURT OF NEW JERSEY LAW DIVISION- MONMOUTH COUNTY <br><br> DOCKET NO.: MON-L- 973-12 <br> CIVIL ACTION <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff, Ashley Gremminger, residing at 14 Brevent Avenue, Leonardo, within the Township of Middletown, County of Monmouth and State of New Jersey, and, Plaintiff, Julio Cezar Rivas, currently residing at 1631 John F. Kennedy Boulevard, Apartment 3R, Jersey City, New Jersey, by way of their Complaint and Demand for a Jury Trial against the defendants, allege the following:

### FIRST COUNT

1. At all relevant times, Plaintiff, Ashley Gremminger, born January 7, 1990, resided at 14 Brevant Avenue, in the Leonardo section of Middletown, New Jersey, within the County of Monmouth and State of New Jersey.

2. At all relevant times, Plaintiff, Julio Cesar Rivas, born November 13, 1983, resided in Jersey City, New Jersey.

3. At all relevant times, the Plaintiffs were the parents of a female fetus carried to approximately 35 weeks gestational age by Ashley Gremminger until March 5, 2010.

-1-

4. On or about March 5, 2010, the Plaintiff, Ashley Gremminger, after being induced into labor at Monmouth Medical Center, delivered a stillborn baby girl at 35 weeks gestational age. This procedure was necessary because on March 3, 2010, the Plaintiffs were advised that the results of an ultrasound study performed at the hospital confirmed the intrauterine demise of the aforesaid fetus. Thereafter, from March 3 to March 5, 2010, the Plaintiff, Ashley Gremminger, remained in the hospital, suffered severe emotional distress, mental anguish and physical pain, and was induced into labor until delivering her stillborn female baby on March 5, 2010.

5. Plaintiffs, Ashley Gremminger and Julio Cezar Rivas suffered great emotional distress and mental anguish occasioned by their baby's stillbirth and the intrauterine death of their unborn baby.

6. The Plaintiffs bring this action because Ashley suffered from diabetes during the aforesaid pregnancy, yet she received inappropriate care and treatment for this condition, such as insulin injections, which would have protected Ashley and her unborn baby from the insidious known effects of diabetes, such as fetal death, and/or because Ashley's pregnancy was mismanaged and/or improperly treated by the defendants, who failed to meet the generally accepted standards of medical care in the diagnosis and treatment of Plaintiff's medical conditions and complications arising from or associated with her pregnancy.

7. At all times relevant herein, the Defendant, Monmouth Family Health Care Center, Inc., had professional offices for the practice of medicine at 270 Broadway, Long Branch, New Jersey and upon the campus of Monmouth Medical Center located at 300 Second Avenue, Long Branch, New Jersey, and, at all relevant time, held itself out to the public and Plaintiffs as a provider of high quality, affordable, community health care services, including, but not limited to, prenatal medical care, and, at all relevant times, the defendant was duly licensed, authorized, and registered by and within the State of New Jersey for such purposes.

8. At all relevant times, the defendant, Monmouth Medical Center, was a duly licensed, authorized, incorporated, chartered, and/or organized hospital in the State of New Jersey, located at 300 Second Avenue, Long Branch, New Jersey, which held itself out to the public and Plaintiffs as being competent to provide healthcare and medical services within the generally accepted standards of care delivered by the hospital, its staff physicians, agents, servants and employees.

9.  At all relevant times, the defendants, Monmouth Family Health Care Center, Inc. and Monmouth Medical Center had a contractual, formal and/or informal agreement to share physical resources and/or personnel for the delivery of healthcare services to the public, including, but not limited to, the use of certain facilities, rooms and equipment upon the campus at Monmouth Medical Center, physicians, support staff, and/or other arrangements for the delivery of healthcare services to the community.

10. At all relevant times, the defendants, Maranatha Lougheed, M.D. and Natalya P. Kugay, M.D., were physicians, duly licensed and authorized to practice medicine within the State of New Jersey, and, at all relevant times, each was the employee, agent and/or servant of the defendants, Monmouth Family Health Care Center, Inc. and/or Monmouth Medical Center, and/or each of them was employed by, operated or maintained their own private practices of medicine within the State of New Jersey.

11. At all relevant times, the defendants, Natalya P. Kugay, M.D. and Maranatha Lougheed, M.D., held themselves out to the public and Plaintiff, Ashley Gremminger, as possessing the requisite degree of knowledge, skill, training and experience necessary to competently diagnose and treat various medical conditions associated with the medical care of a pregnant woman and her fetus required of a physician specializing in obstetrics and gynecology, including, but not limited to, gestational diabetes and the complications of pregnancy related thereto.

12. At all relevant times on and before March 5, 2010, the defendants, Natalya P. Kugay, M.D. and Maranath Lougheed, M.D., were not board certified by any medical specialty board issuing board certifications within the field of obstetrics and gynecology, such as, but not limited to, the American Board of Medical Specialties' American Board of Obstetrics and Gynecology.  In fact, at all relevant times, herein, the defendants, Dr. Kugay and Dr. Lougheed were either residents and/or employees of the defendants, Monmouth Medical Center and/or Monmouth Family Health Care Center, Inc. and, as such, were each under the supervision of one or more heretofore unknown and unidentified physicians employed by the aforesaid defendants possessing more experience than these defendants in the specialty of obstetrics and gynecology.

13. Commencing sometime on or after July 31, 2009, the Plaintiff, Ashley Gremminger, submitted herself to the medical care and attention of the defendants for the diagnosis, management, care, and treatment regarding her pregnancy, and, at all relevant times, a physician-patient and/or healthcare provider-patient relationship was established and did

-3-

exist uninterrupted throughout the Plaintiff's pregnancy until the aforesaid stillborn delivery of March 5, 2010, and, for some time thereafter.

14. At all relevant times, the Plaintiff, Ashley Gremminger, relied upon and trusted the defendants to provide her with competent medical care and advice for the benefit, health, and well-being of the Plaintiff and her fetus.

15. Commencing in or about September 2009, the Plaintiff, Ashley Gremminger, presented to the defendants Monmouth Family Health Care Center, Inc., Monmouth Medical Center, their agents, servants and/or employees for monthly prenatal care, yet, the records supplied by the defendants, Monmouth Medical Center and Monmouth Family Health Care Center, Inc., identify only that the following physicians attended to Ashley's prenatal care in December 2009 and February 16, 2010 – defendant, Maranatha Lougheed, M.D. and defendant, Natalya P. Kugay, M.D., and, according to these records, Dr. Kugay also attended to the Plaintiff from March 3-5, 2010 at Monmouth Medical Center.

16. On or about February 16, 2010, defendant Natalya P. Kugay, M.D. diagnosed the Plaintiff, Ashley Gremminger, with gestational diabetes and chronic hypertension at Monmouth Medical Center, yet, Dr. Kugay discharged Ashley home with no prescriptions for any medications and without any medications to treat these conditions.

17. At all relevant times, John Does # 1-20 are fictitiously pleaded defendants, included in this matter as allowed by the New Jersey Rules of Court, and, intended to represent heretofore unknown and/or unidentified persons and/or entities of any kind whatsoever later discovered to be liable to the Plaintiffs in this matter under any permissible legal theory, at which time, an appropriate motion would be made for leave of the Court to amend this Complaint to include the true identity of any such newly discovered defendant.

18. On one or more occasions during her pregnancy, the Plaintiff, Ashley Gremminger, presented to the defendants for examination and treatment related to her pregnancy, at which time she was diagnosed with gestational diabetes and discharged without having received any treatment for diabetes, medications to take home with her for diabetes treatment, or prescriptions for medications to take for diabetes.

19. On one or more occasions during her pregnancy, the Plaintiff, Ashley Gremminger, presented to the defendants for examination and treatment for complications with her

pregnancy, such as her reported sensation that her baby was not as active as before, at which time, the defendants discharged the Plaintiff home rather than providing her with a complete and appropriate workup as to the causes and available treatments for this aforesaid issue.

20. Plaintiff submitted herself to the care and attention of the various defendants for visits, examinations, and treatment between July 31, 2009 and March 3, 2010.  During this period of time, although the various defendants, their agents, servants, employees, and supporting staff of assistants knew or should have known through reasonable testing, follow-up testing, and basic medical care, that the Plaintiff, Ashley Gremminger was diagnosed with gestational diabetes and chronic hypertension, yet, at no time did any of the defendants prescribe, order, and/or administer any medications or other therapeutic modalities intended and designed for the treatment of gestational diabetes, such as insulin, or for the treatment of chronic hypertension, which in and of itself constituted a deviation and/or departure from the generally accepted standard of care required for the treatment of gestational diabetes.

21. The defendants further deviated from the generally accepted standards of care in that each and/or all of them failed to properly and adequately advise and inform the Plaintiff, Ashley Gremminger, of the complete nature and extent of her condition as well as its effects on the fetus she was carrying, and, furthermore, failed to provide the Plaintiff, Ashley Gremminger, with information concerning the benefits to her and her fetus of treating her condition of gestational diabetes with widely used, effective medications, such as insulin, nor did the defendants provide the Plaintiff such advice concerning chronic hypertension.  Moreover, the defendants failed to inform the Plaintiff, Ashley Gremminger, that her unborn baby could die in-utero or could be stillborn, among other risks, without appropriate treatment of gestational diabetes and/or chronic hypertension.

22. On or about one or more of occasions during the aforesaid pregnancy between July 31, 2009 and March 3, 2010, the Defendants, their agents, servants, and/or employees, deviated from the applicable generally accepted standards of medical care in prenatal medicine, obstetrics and gynecology in that each and/or all of them failed to properly perform, supervise, interpret, read, manage, direct, report, appreciate, explain, and/or follow-up on one or more of the aforesaid prenatal diagnostic studies, and, in all other ways, the Defendants were careless and/or negligent in the exercise of their respective

duties owed to the Plaintiff and in their respective departure and/or deviations from the generally accepted standards of medical practice.

23. At all relevant times, the defendants, Monmouth Medical Center and/or Monmouth Family Health Care Center, Inc. were, in all other ways, careless and negligent, in that each or both of them breached all applicable duties owed to the Plaintiffs, failed to have effective, appropriate and required policies and procedures in place, and, if they did, failed to properly follow them, and, each or both of them were additionally negligent and/or careless in the hiring, supervision, direction and/or retention of the defendant physicians in this matter along with any other of their respective agents, servants or employees whose negligence or carelessness caused or contributed to the Plaintiffs' damages.

24. At all relevant times, the defendants, Monmouth Medical Center and Monmouth Family Health Care Center, Inc. are vicariously liable for the deviations from generally accepted medical standards, negligence and/or carelessness of its agents, servants, and employees, including any of the physicians named as defendants herein who were employed by one or both of the aforesaid defendants.

25. At all relevant times, the defendants committed further deviations from the generally accepted standards of medical practice under the circumstances by failing to impart the Plaintiff, Ashley Gremminger, with sufficient information in order for her to provide informed consent concerning her treatment and medical condition as they might affect her and her fetus.

26. As a direct and proximate cause of the aforesaid deviations from the generally and well accepted standards of medical practice, negligence and careless acts and/or omissions of the Defendants, their agents, servants, and/or employees as alleged herein, the female fetus carried for 35 weeks gestation by the Plaintiff, Ashley Gremminger, suffered fetal demise on or about March 3, 2010 and was caused to be stillborn on March 5, 2010.

27. As a direct and proximate cause of the foregoing, the Plaintiffs, Ashley Gremminger and Julio Cezar Rivas, have suffered and continue to suffer severe and permanent pain and in the form of great mental anguish and emotional distress over the loss of their expectant baby daughter, hedonic damages for their loss of enjoyment of life arising from their great mental anguish and emotional distress, lost time from employment resulting in

substantial loss of income, and they have been caused to incur and will continue to incur substantial bills for the treatment of their emotional distress and mental anguish.

**Wherefore,** the Plaintiffs, Ashley Gremminger and Julio Cezar Rivas, demand judgment against the Defendants for all compensatory damages recoverable by law, together with interest, attorney's fees, costs of suit, and all other relief the Court deems fair and just under the circumstances.

Shapiro and Sternlieb, LLC
Attorneys for Plaintiff

By: David H. Sternlieb, Esquire

Dated:   March 2, 2012

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

### NOTICE OF TRIAL COUNSEL

Please take notice that David H. Sternlieb, Esquire is hereby designated as Trial Counsel in the above-captioned matter for the firm of Shapiro & Sternlieb, LLC, attorneys for the Plaintiffs, pursuant to Rule 4:25 et. seq.

### DEMAND FOR ANSWERS TO UNIFORM AND SUPPLEMENTAL INTERROGATORIES

**PLEASE TAKE NOTICE** that pursuant to Rule 4:17-1(b)(ii)(2), Plaintiffs hereby demands answers to **Uniform Interrogatories Form C and Form C(3)** within sixty (60) days of the filing of Defendant's Answer to this Complaint.

-7-

**Shapiro & Sternlieb, LLC**
176 Route 9 North, Suite 303
Englishtown, New Jersey 07726
P: 732-617-8050
Attorneys for Plaintiffs

| | |
|---|---|
| **ASHLEY GREMMINGER AND JULIO CEZAR RIVAS,**<br><br>**PLAINTIFFS,**<br><br>**--VS.--**<br><br>**MONMOUTH FAMILY HEALTH CARE CENTER, INC., MONMOUTH MEDICAL CENTER, NATALYA P. KUGAY, M.D., MARANATHA LOUGHEED, M.D., AND, JOHN DOE #1-20 (FICTITIOUS NAMES BEING UNKNOWN),**<br><br>**DEFENDANTS.** | **SUPERIOR COURT OF NEW JERSEY MONMOUTH COUNTY LAW DIVISION -- CIVIL**<br><br>**DOCKET NO.: MON-L-973-12**<br><br>**SUMMONS** |

FROM THE STATE OF NEW JERSEY TO THE DEFENDANT(S) NAMED ABOVE:

### Monmouth Family Health Care Center, Inc.

The plaintiff named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) A $135.00 filing fee payable to the clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information

1

Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

/s/ Jennifer M. Perez
JENNIFER M. PEREZ
Clerk of the Superior Court

Dated:  September 6, 2012

Name of Defendant to be Served:   Monmouth Family Health Care Center, Inc.

Address of Defendant to be Served:  270 Broadway
Long Branch, New Jersey

2