**EXHIBIT 2**

RONAN, TUZZIO & GIANNONE
4000 ROUTE 66
One Hovchild Plaza
Tinton Falls, NJ 07753
(732) 922-3300
Attorneys for Defendants, MONMOUTH MEDICAL CENTER, NATALYA P. KUGAY, M.D. and MARANATHA LOUGHEED, M.D.
OUR FILE NO: 140-10253JMR/LHZ

OCT 3 2012

2012 OCT -3 P 1:15

| ASHLEY GREMMINGER and JULIO CEZAR RIVAS<br><br>Plaintiff(s)<br><br>vs.<br><br>MONMOUTH FAMILY HEALTH CARE CENTER, INC., MONMOUTH MEDICAL CENTER, NATALYA P. KUGAY, M.D., MARANATHA LOUGHEED, M.D., AND JOHN DOE #1-20 (FICTITIOUS NAMES BEING UNKNOWN)<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MONMOUTH COUNTY<br>DOCKET NO. MON-L-973-12<br><br>CIVIL ACTION<br><br>ANSWER, SEPARATE DEFENSES, CROSSCLAIM, DEMAND FOR STATEMENT OF DAMAGES, DEMAND FOR TRIAL BY JURY, TRIAL DESIGNATION AND CERTIFICATIONS |
|---|---|

Defendants, MONMOUTH MEDICAL CENTER, NATALYA P. KUGAY, M.D. a physician board certified in obstetrics and gynecology and MARANATHA LOUGHEED, M.D., a physician specializing in obstetrics and gynecology, by way of Answer to the Complaint, say:

### ANSWER TO THE FIRST COUNT

1.-3.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs One through Three of this Count of the Complaint and leaves plaintiffs to their proofs.

4.-6.   Insofar as the allegations contained in these paragraphs of the Complaint do not pertain to these defendants, they make no answer thereto. Insofar as the allegations contained in these paragraphs of the Complaint pertain to these defendants, same are denied.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seven of this Count of the Complaint and leaves plaintiffs to their proofs.

8. Defendant, Monmouth Medical Center, admits operation as a non-profit corporation licensed and organized exclusively for hospital purposes which entitles defendant to statutory immunities and limitations on liability.

9.-18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs Nine through Eighteen of this Count of the Complaint and leaves plaintiffs to their proofs.

19.-27. Insofar as the allegations contained in these paragraphs of the Complaint do not pertain to these defendants, they make no answer thereto. Insofar as the allegations contained in these paragraphs of the Complaint pertain to these defendants, same are denied.

WHEREFORE, defendants demand Judgment dismissing the Complaint herein, together with legal fees and costs of suit.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Court lacks jurisdiction over the subject matter of this action insofar as the Federal Tort Claims Act constitutes the exclusive remedy available to plaintiffs in this case which renders the United States of America as the only proper defendant in this case and requires that plaintiffs bring this action in the United States District Court.

 

## SECOND SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief may be granted, and these defendants reserve the right to move at or before the time of trial to dismiss same.

## THIRD SEPARATE DEFENSE

Plaintiffs failed to join necessary and indispensable parties including the United States of America and, therefore, the Court must dismiss this action pursuant to R. 4:28-1 et seq by virtue of the failure of plaintiffs to join these indispensable parties.

## FOURTH SEPARATE DEFENSE

There is a lack of in personam jurisdiction over these defendants because sufficient minimum contacts among this state, this action, and these parties do not exist. The exercise of such jurisdiction over these defendants is, therefore, in violation of defendants' rights under the Constitutions of the State of New Jersey and the United States of America, and these defendants reserve the right to move for dismissal of the pleading.

## FIFTH SEPARATE DEFENSE

There is a lack of in personam jurisdiction over these defendants because there is insufficiency of process and insufficiency of service of process. The exercise of such jurisdiction over these defendants is, therefore, in violation of defendants' rights under the Constitutions of the State of New Jersey and the United States of America, and these defendants reserve the right to move for dismissal of the pleading.

## SIXTH SEPARATE DEFENSE

The court lacks jurisdiction over the subject matter of this action, and defendants reserve the right to move for dismissal of the pleading. The applicable law, rule, statute or regulation, including, but not limited to the Statute of Limitations, controlling or requiring

 

the institution of suit within a certain period of time following its accrual, was not complied with by plaintiffs and, accordingly, plaintiffs' claim is barred as a matter of law.

## SEVENTH SEPARATE DEFENSE

The court lacks jurisdiction to over this action as 28 U.S.C. §1346(b), 2671-80 of the Federal Torts Claims Act, provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from negligent or wrongful acts or omissions of federal employees taken within the scope of their office or employment.

## SEVENTH SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief may be granted, and defendants reserve the right to move at or before the time of trial to dismiss same.

## EIGHTH SEPARATE DEFENSE

The Complaint fails to join a necessary or indispensable party without whom this action cannot proceed.

## NINTH SEPARATE DEFENSE

Plaintiff failed to exhaust administrative remedies before bringing suit, and these defendants reserve the right to move at or before trial to dismiss the Complaint for same, pursuant to 28 U.S.C. § 2675(a).

## NINTH SEPARATE DEFENSE

The Complaint fails to set forth a cause of action upon which relief may be granted pursuant to N.J.S.A. 2A:58C-1 et seq.




## TENTH SEPARATE DEFENSE

Plaintiffs have failed to issue process within the time required by law, and defendants are entitled to a dismissal of the action.

## ELEVENTH SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief can be granted, the court lacks jurisdiction over the subject matter of this action, and plaintiffs are barred from recovery as a matter of law because the alleged claim was not made and perfected in the manner and within the time provided and required by the law, statute, regulation or contract upon which it is predicated.

## TWELFTH SEPARATE DEFENSE

The applicable law, rule, statute or regulation, including, but not limited to the Statute of Limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by plaintiffs and, accordingly, plaintiffs' claim is barred as a matter of law.

## THIRTEENTH SEPARATE DEFENSE

The basis of plaintiffs' cause of action is against the public policy of this State and the claim for punitive damages is barred as a matter of law.

## FOURTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred or limited by the law of contributory negligence as a result of plaintiffs' failure to exercise due and proper care under the existing circumstances and conditions.

 

### FIFTEENTH SEPARATE DEFENSE

Any and all injuries and damages sustained by plaintiffs were the result of a third party over whom these defendants had no control.

### SIXTEENTH SEPARATE DEFENSE

Plaintiffs assumed the risk and were fully cognizant of any and all circumstances surrounding the alleged incident.

### SEVENTEENTH SEPARATE DEFENSE

Plaintiffs' damages are barred or, at the very least, to be reduced, by virtue of the doctrine of comparative negligence and the Comparative Negligence Act, N.J.S.A. 2A:15-5 et seq.

### EIGHTEENTH SEPARATE DEFENSE

Defendants claim credit for all collateral sources from which plaintiffs have or shall receive benefits pursuant to N.J.S.A. 2A:15-97.

### NINETEENTH SEPARATE DEFENSE

The incident which forms the basis of this litigation and which allegedly caused injuries and damages to plaintiffs was proximately caused or contributed to by the fault of third persons not parties to this litigation. The responsibility of the defendants filing this answer and the right of plaintiffs to recover in this litigation can only be determined after the percentages of responsibility of all parties to the incident are determined whether or not they are parties to this litigation. Accordingly, defendants an adjudication of the percentage of fault of the claimant and each and every other person whose fault contributed to the incident.

 

**TWENTIETH SEPARATE DEFENSE**

Monmouth Medical Center and Barnabas Health exist as non-profit corporations organized exclusively for hospital purposes within the contemplation of N.J.S.A. 2A:53A-7 et seq and 2A:53A-8 et seq or trustees, directors, officers or volunteers of such organization, and as such remain entitled to the immunities and limitations on liability provided by these statutes.

**TWENTY-FIRST SEPARATE DEFENSE**

This party is a non-profit corporation, society or association, or trustees, directors, officers, volunteers, agents, servants or employees of a non-profit corporation, society or association within the contemplation of N.J.S. 2A:53A-7 et seq., and as such is immune from liability to plaintiffs.

**TWENTY-SECOND SEPARATE DEFENSE**

The damages of plaintiffs are limited by the doctrine of avoidable consequences.

**TWENTY-THIRD SEPARATE DEFENSE**

The damages alleged were the result of unforeseeable intervening acts of an agency independent of these parties which bars claimants' cause of action.

**TWENTY-FOURTH SEPARATE DEFENSE**

These parties engaged an independent contractor who performed all work alleged to have caused claimants injury and, therefore, all claims against these parties are barred as a matter of law.

### TWENTY-FIFTH SEPARATE DEFENSE

The occurrence complained of was neither intended, foreseeable nor preventable by the exercise of reasonable care.

### TWENTY-SIXTH SEPARATE DEFENSE

The basis of claimants' cause of action is against the public punitive policy of this state and the claim is barred as a matter of law.

### TWENTY-SEVENTH SEPARATE DEFENSE

Defendants assert that any and all actions were made in accordance with accepted medical standards.

### TWENTY-EIGHTH SEPARATE DEFENSE

Defendants assert that there was no deviation from accepted medical standards.

### TWENTY-NINTH SEPARATE DEFENSE

Defendants did not breach any contractual obligation or warranties expressed, implied or arising by operation of law.

### THIRTIETH SEPARATE DEFENSE

Although defendants deny the allegations of plaintiffs as to injuries and damages alleged, these injuries and damages, if any, were caused by the intervening acts or superseding negligence of persons, parties or corporate entities over whom defendants had no control.

 

### THIRTY-FIRST SEPARATE DEFENSE

Defendants assert that any and all actions were made in accordance with accepted professional standards.

### THIRTY-SECOND SEPARATE DEFENSE

Defendants assert that there was no deviation from accepted professional standards.

### THIRTY-THIRD SEPARATE DEFENSE

Defendants did not breach any contractual obligation or warranties expressed, implied or arising by law, or any standards or canons or professional conduct.

### THIRTY-FOURTH SEPARATE DEFENSE

These defendants assert any and all relief available pursuant to *N.J.S.A.* 2A:53A-26, *et seq.*

### THIRTY-FIFTH SEPARATE DEFENSE

These defendants assert any and all relief available pursuant to *N.J.S.A.* 2A:53A-37, *et seq.*

### THIRTY-SIXTH SEPARATE DEFENSE

These defendants reserve the right to amend their answer and to assert additional defenses and/or supplement, alter or change this answer upon the revelation of more definite facts during and/or upon the completion of further discovery and investigation.

## CROSSCLAIM

Defendants, **MONMOUTH MEDICAL CENTER, NATALYA P. KUGAY, M.D. and MARANATHA LOUGHEED, M.D.**, by way of crossclaim against any and all co-defendants, including fictitious defendants, third-party defendants and defendants added as parties at a later date, say:

While denying that they are in any way obligated or liable under the claims for relief asserted against them, defendants, **MONMOUTH MEDICAL CENTER, NATALYA P. KUGAY, M.D. and MARANATHA LOUGHEED, M.D.**, allege that:

a. Any obligation imposed upon them to respond in damages could only be as a result of operation of law based upon liability, technical, imputed or implied, whereas the actual fault or negligence was on the part of the party or parties against whom this claim is asserted.

b. Any obligation of these defendants to respond in damages is based upon an alleged breach of contract, whereas the causative act or failure to act was that of the party or parties against whom this claim is asserted.

c. The party or parties against whom this claim is asserted are obligated under the terms and provisions of the New Jersey Tortfeasors Contribution Act (N.J.S.A. 2A:53A et seq), the Comparative Negligence Act (N.J.S.A. 2A:15-5.1 et seq, and/or The New Jersey Tort Claims Act (N.J.S.A. 59:1 et seq), for their *pro rata* share of any judgment.

d. These defendants are entitled to a determination of the percentage shares of




responsibility of all tortfeasors, whose fault contributed to the claimed injuries and property damage, as the obligation, if any, of these defendants to respond in damages should not exceed their percentage share.

e. Arising out of the relationship between the parties is a contractual obligation entitling these defendants indemnification from the party or parties against whom this claim is asserted.

f. In addition to the foregoing, defendants are entitled to common law and contractual indemnification.

WHEREFORE, defendants, MONMOUTH MEDICAL CENTER, NATALYA P. KUGAY, M.D. and MARANATHA LOUGHEED, M.D., demand judgment or restitution, indemnity, contribution or apportionment of responsibility from the party or parties against whom this claim is asserted.

## ANSWER TO ALL CROSSCLAIMS

Defendants deny all crossclaims asserted against them in this action.

## DEMAND FOR ALLOCATION AND CREDIT

Pursuant to *R.* 4:7-5, defendants demand an allocation of liability for all defendants, including all settling defendants, as well as a credit for the responsibility of all settling defendants.

 

## DEMAND FOR STATEMENT OF DAMAGES

PLEASE TAKE NOTICE, that pursuant to Rule 4:5-2, the parties filing this Answer require that you, within five days, furnish them with a statement of damages claimed.

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE, that defendants demand a trial of the issues by a jury of six persons.

## AFFIDAVIT OF MERIT

PLEASE TAKE NOTICE, that pursuant to N.J.S.A. 2A:53A-26 et seq, the parties filing this Answer require that plaintiffs, within sixty days, furnish them with an Affidavit of Merit.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that, pursuant to R. 4:25-4, James M. Ronan, Jr., Esq., is hereby designated trial counsel for defendants, MONMOUTH MEDICAL CENTER, NATALYA P. KUGAY, M.D. and MARANATHA LOUGHEED, M.D.

## CERTIFICATION

I hereby certify that a copy of the within document has been filed with the Clerk of the captioned Court and that a copy of same was served upon all interested attorneys, within the time allowed by the Rules of Court.

## CERTIFICATION PURSUANT TO RULE 4:5-1

1. The matter in controversy is the subject of a pending action or arbitration as follows: **NONE KNOWN**

2. Contemplation of another action or arbitration proceeding is contemplated as follows: **NONE KNOWN**

3. The following parties listed should be joined in this action: **NONE KNOWN**

4. I CERTIFY that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

RONAN, TUZZIO & GIANNONE
Attorneys for Defendants,
MONMOUTH MEDICAL CENTER, NATALYA P. KUGAY, M.D. and MARANATHA LOUGHEED, M.D.

BY: _____
JAMES M. RONAN, JR., ESQ.

Dated: October 2, 2012