UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ASHLEY GREMMINGER,
JULIO CEZAR RIVAS,

    Plaintiffs,

v.

MONMOUTH FAMILY HEALTHCARE
CENTER, INC., et al.,

    Defendants.

Civil Action No. 12-7523 (MAS) (TJB)

**ORDER**

This matter comes before the Court upon Defendant Monmouth Family Health Care Center, Inc. (the "Clinic"), as a deemed employee of the United States of America[1], and substituted Defendant United States of America's (collectively, "Movants"), Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Defs.' Mot., ECF No. 6.) The Motion argues that subject matter jurisdiction is lacking because Plaintiffs have failed to exhaust their administrative remedies as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d)(2). Plaintiffs have filed correspondence with the Court indicating their substantive agreement with the Motion. (Pls.' Resp., ECF No. 13.) Plaintiffs, however, request that the case be stayed while they pursue their administrative remedies. (*Id.*) The Court has carefully considered the submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, and for other good cause shown,

**IT IS**, on this 30th day of July, 2013, **ORDERED** that:

---

[1] The Clinic was deemed an employee of the United States by the Secretary of Health and Human Services pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233. (*See* ECF No. 1, ¶ 6.)

1) Movants' Motion to Dismiss is granted. *See Lightfoot v. United States*, 564 F.3d 625, 626 (3d Cir. 2009) (failure to exhaust per the terms of the FTCA is a jurisdictional defect which cannot be waived).

2) Plaintiff's request to stay this action is denied because the Court cannot stay an action over which it has no jurisdiction.[2]

3) The Court, lacking subject matter jurisdiction over the claims against the non-federal defendants and the supplemental third-party cross-complaint, (*see* ECF No. 4), remands this action back to the Superior Court of New Jersey, Law Division, Monmouth County Vicinage.

/s/ Michael A. Shipp
**Michael A. Shipp**
**United States District Judge**

---

[2] The presence of the cross claim for indemnification filed by Defendant Monmouth Medical Center does not cure the fundamental jurisdictional problem created by the dismissal of the Clinic. As noted by the United States, "Monmouth Medical Center does not argue that it is entitled to defense and indemnification from the United States or [the Clinic] as a deemed employee of the United States." (ECF No. 14, n.2.) Nor does the cross claim "argue that [the Clinic] must hold harmless and indemnify it under the FTCA." (*Id.*) In fact, the United States asserts that it "does not represent [the Clinic] with regard to an indemnification claim regarding private insurance maintained by [the Clinic]." (*Id.*) Rather, the cross claim is lodged against the Clinic in its private capacity and that claim is being defended by its insurance carriers, Coverys, Inc. (*See* ECF Nos. 18, 20.) As such, the cross claim does not create federal subject matter jurisdiction. There is also no allegation of diversity jurisdiction.

2